UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POLICE OFFICER DONALD T. ALLEN, JR., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:07-CV-1917-G |
| THE CITY OF GRAND PRAIRIE and GRAND PRAIRIE POLICE DEPARTMENT, | ) ) ) ) | **ECF** |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants City of Grand Prairie ("City") and Grand Prairie Police Department ("GPPD") for summary judgment on the claims of the plaintiff Donald T. Allen ("Allen"). For the reasons set forth below, the motion is granted.

### I. BACKGROUND

In September of 1994, the GPPD hired Allen as a police officer. Brief in Support of Defendants City of Grand Prairie and the Grand Prairie Police

Department's Motion for Summary Judgment ("Motion") at 1; *see* Affidavit of Chief Glen Hill in Support of Defendants' Motion for Summary Judgment ("Hill Affidavit") ¶ 4, *attached to* Appendix in Support of Defendants' Motion for Summary Judgment as Exhibit A.  On January 17, 2007, GPPD Police Chief Glen Hill ("Chief Hill") indefinitely suspended Allen after an incident in which Allen allegedly broke the door of the residence of his former girlfriend, entered without permission, and frightened his girlfriend, her family and neighbors.  Hill Affidavit ¶¶ 20, 21; *see also* Letter from Chief Glen Hill to Donald Allen dated January 17, 2007, *attached to* Hill Affidavit as Exhibit 1.  Thereafter, Allen appealed Chief Hill's decision, and a hearing was held before the Honorable Chuck Miller.  Hill Affidavit ¶ 22.  On November 4, 2007, Allen's indefinite suspension was upheld.  *Id*. ¶ 23.

On November 15, 2007, Allen, proceeding *pro se*, filed this case against the City, the GPPD, Chief Hill, and Sergeant Kenneth Lee ("Sergeant Lee").  On November 29, 2007, Allen amended his complaint.  Allen seeks actual damages, exemplary damages, attorney's fees, and costs under 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, for race discrimination in employment and violation of his constitutional rights to equal protection and due process.  *See generally* Plaintiff's Amended Complaint ("Complaint").

On June 5, 2008, Marilynn Sheree Mayse ("Mayse") became attorney of record for Allen. On June 18, 2008, the court ordered Allen to electronically file, by June 30, 2008, a reply in accordance with Federal Rule of Civil Procedure 7 ("Rule 7") responding in detail as to the individual defendants's defenses of qualified immunity. On July 3, 2008, the court dismissed Allen's claims against Chief Hill and Sergeant Lee because Allen did not comply with the court's order for a Rule 7 reply.

On August 29, 2008, the City and the GPPD moved for summary judgment of Allen's claims against them. The defendants maintain that Allen failed to properly exhaust his administrative remedies under Title VII, to sufficiently prove his case of racial discrimination, or to demonstrate that the alleged discrimination was based on a policy practice or custom of the City or GPPD. *See generally* Motion.

Mayse filed multiple responses to the motion. The court repeatedly requested that Mayse notify the court as to which response was viable. Mayse did not comply with the court's requests. Accordingly, on January 22, 2009, the court issued the following order.

> This case is set for trial on this court's four-week docket beginning February 2, 2009. The defendant's motion for summary judgment was filed on August 29, 2008. Plaintiff's attorney Marilynn Sheree Mayse ("Mayse") has filed numerous responses with various appendices to the defendant's motion for summary judgment. *See* Docket Entries 31, 33, 34. On four occasions over the past several months, the court has telephonically communicated with Mayse and ordered her to rectify the misfilings. Most recently, Mayse promised the court that by the close of

> business on Tuesday, January 6, 2009, she would either notify the court as to which response to deem viable or, in the alternative, she would file a new response to the defendant's motion for summary judgment. To date, Mayse has not complied with the court's multiple requests. Accordingly, Mayse must comply with the court's order to correctly electronically file the plaintiff's response to the defendant's motion for summary judgment by Thursday, January 22, 2009, at 5:00 p.m. or be subject to sanctions.

Mayse failed to comply with the court's order. Thus, on January 23, 2009, the court issued the following order.

> Plaintiff's attorney Marilynn Sheree Mayse ("Mayse") has not complied with the court's order directing her to correctly electronically file the plaintiff's response to the defendant's motion for summary judgment by Thursday, January 22, 2009, at 5:00 p.m. or be subject to sanctions. Accordingly, Mayse is ordered to appear before the undersigned on Monday, January 26, 2009 at 10:30 a.m. in Courtroom Number 1516.

On January 26, 2009, the undersigned held a hearing at which Mayse failed to appear. Accordingly, the court struck Allen's multiple responses to the defendants' motion.

## II. ANALYSIS

### A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving parties are

entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).[1] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movants make such a showing by informing the court of the basis of their motion and by identifying the portions of the record which reveal there are no genuine material fact issues. See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). Once the movants make this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id*. at 323-24. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, he must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. All of the evidence must be viewed, however, in a light most favorable to the motion's opponent. *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

---

[1] The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

B. <u>Private Right of Action Under Title VII</u>

In 42 U.S.C. § 2000e-5, Congress established the procedure for recovering damages from an unlawful employment practice. A complainant must first file a charge with the EEOC; this charge commences an investigation by the EEOC to determine whether "there is reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e-5(b).[2] "The [EEOC] shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge." *Id*. If the EEOC determines after investigation that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC dismisses the charge, see *id*. at § 2000e-5(b), and issues a letter informing the aggrieved party that it has the right to sue in federal district court (a "right-to-sue notice"). *See* 29 C.F.R. § 1601.19(a). If, however, the EEOC determines that there is reasonable cause to believe that an unlawful employment practice has occurred, the EEOC first endeavors to eliminate the "unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). If 180 days have passed since the filing of a charge without the EEOC having filed a civil action or having entered into a

---

[2] Section 2000-e-5(b) provides that the EEOC "shall" investigate the charge and "shall" make a reasonable cause determination.

conciliation agreement, the EEOC must issue a right-to-sue notice .[3] 42 U.S.C.
§ 2000e-5(f)(1). Whether it comes following a dismissal of the charge or a 180-day lapse of time, a right-to-sue notice terminates further EEOC processing of a charge. *See* 29 C.F.R. § 1601.28(a)(3). This notice is a prerequisite to suit by a person claiming to be aggrieved. The defendants maintain that Allen has failed to provide any competent evidence to establish that he successfully exhausted his administrative remedies. *See* Motion at 4. The court agrees, and even assuming *arguendo* Allen had properly exhausted his administrative remedies, his claims are subject to summary judgment.

## C. Title VII Claims

Allen alleges that the defendants unlawfully discriminated against him on the basis of his race, in violation of Title VII. Complaint ¶ 8.

This court applies the burden shifting framework utilized by the Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), to analyze Allen's claims of race discrimination in employment. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

---

[3] 42 U.S.C. § 2000e-5(f)(1) provides that a complainant may file a civil action if the EEOC has dismissed the charge or if "within one hundred and eighty days from the filing of such charge . . ., the [EEOC] has not filed a civil action . . .".

Since the record in this case contains no direct evidence of race discrimination,[4] a three-step analysis applies. See *Portis v. First National Bank of New Albany, MS*, 34 F.3d 325, 328 (5th Cir. 1994); see also *St. Mary's*, 509 U.S. at 506-11; *Burdine*, 450 U.S. at 252-56; *McDonnell Douglas*, 411 U.S. at 802-05. In the first step, the plaintiff must establish a *prima facie* case of discrimination. *Portis*, 34 F.3d at 328 n.7. If the plaintiff presents a *prima facie* case, a presumption of discrimination arises. *St. Mary's*, 509 U.S. at 506. At the second step, the defendants can rebut this presumption of discrimination by offering a legitimate, nondiscriminatory reason for the employment decision of which the plaintiff complains. *Id*. at 507. If the defendants satisfy this burden of production, the plaintiff's *prima facie* case dissolves, *id*., and the case proceeds to the third step of the analysis. *Id*. At this third stage, the burden is on the plaintiff to prove that the reasons offered by the defendants are pretexts for race discrimination. *Id*. at 507-08.

When the analysis has proceeded to this third step, the plaintiff -- to avoid summary judgment -- must produce evidence from which a reasonable factfinder could find "that the employer's reasons were not the true reason for the employment decision *and* that unlawful discrimination was." *Bodenheimer v. PPG Industries, Inc.*, 5

---

[4] "Direct evidence" in the employment discrimination context is "evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995) (citing *Brown v. East Mississippi Electric Power Association*, 989 F.2d 858, 861 (5th Cir. 1993)).

F.3d 955, 957 (5th Cir. 1993) (emphasis in original). Accord *Moore v. Eli Lilly and Company*, 802 F. Supp. 1468, 1471-74 (N.D. Tex. 1992), *aff'd*, 990 F.2d 812, 816 n.24 (5th Cir.), *cert. denied*, 510 U.S. 976 (1993); *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir. 1993). See *St. Mary's*, 509 U.S. at 507-08.

Even if it is assumed, *arguendo*, that Allen has presented a *prima facie* case, his claims would fail for want of evidence from which a reasonable jury could conclude that the legitimate reasons offered by the defendants were pretexts for race discrimination. Because he will bear the burden of proof on these elements of his claim at trial, this lack of evidence is fatal. See *Celotex*, 477 U.S. at 322-23. Accordingly, the defendants's motion for summary judgment on Allen's Title VII claims is granted.

### D. Claims Under § 1983

#### 1. *Defendant City*

To state a valid claim against the City under § 1983, Allen must identify "(1) a policy (2) of the city's policymaker (3) that caused (4) the plaintiff to be subjected to a deprivation of constitutional right." *Palmer v. City of San Antonio, Texas*, 810 F.2d 514, 516 (5th Cir. 1987) (quoting *Grandstaff v. City of Borger, Texas*, 767 F.2d 161, 169 (5th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987)).

According to the Supreme Court, "[t]he 'official policy' requirement . . . make[s] [it] clear that municipality liability [under § 1983] is limited to action for

which the municipality is actually responsible . . . -- that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). The policy or custom must be "the moving force of the constitutional violation." *Palmer*, 810 F.2d at 516 (quoting *Monell*, 436 U.S. at 694). Although Allen has identified no official written policy regarding his § 1983 claims, such a policy may nevertheless exist in the form of an unwritten custom. The custom or policy must actually be that of the City's governing body before the City can be held liable. See *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

A single incident unaccompanied by supporting history will likely be an inadequate basis for inferring such a custom or usage unless the actor or actors involved had been given official policy-making authority. *Worsham v. City of Pasadena*, 881 F.2d 1336, 1339-40 (5th Cir. 1989) (citations omitted); see also *Palmer*, 810 F.2d at 516. "'[M]unicipal liability under § 1983 attaches where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Pembaur*, 475 U.S. at 483-84).

The Fifth Circuit defines official policy as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the

>     lawmakers have delegated policy-making authority; or
>
> 2.  A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.) (per curiam), *aff'd in relevant part*, 739 F.2d 993 (5th Cir. 1984) (en banc); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (citing *Bennett*, 735 F.2d at 862).

Allen has failed to make allegations sufficient to state a § 1983 claim under the pleading standard announced in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). Therefore, the defendants's motion for summary judgment of Allen's § 1983 claim against the City is granted.

### 2. *Defendant GPPD*

A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313-14 (5th Cir. 1991).

Allen has failed to demonstrate that the GPPD has ever been granted the capacity to sue or be sued. *See* Motion at 9. Thus, Allen's § 1983 claim against GPPD is invalid as Allen cannot obtain relief from an entity that is not subject to suit under § 1983.

## III. CONCLUSION

For the reasons stated, the defendants's motion for summary judgment is **GRANTED**.

**SO ORDERED**.

January 26, 2009.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**